MICKLE, Judge.
Appellant, Nina Miller, appeals the dismissal with prejudice of her second amended complaint which requested damages arising out of the purchase of a lottery ticket. We affirm.
Miller alleged in her second amended complaint that on January 5,1990, she purchased ten Lotto tickets in Tampa, Hillsborough County, Florida, for a $6,700,000.00 drawing to be held on January 13,1990. One of these tickets contained the following six numbers: 16-18-23-28^4-49. Sometime thereafter, Miller learned that this particular ticket matched the winning combination of numbers selected at the Lotto drawing conducted on January 13, 1990. However, it was discovered that through inadvertence the ticket had been lost or discarded. Miller’s claim for payment submitted to the Department of the Lottery (Lottery) was denied, and the instant lawsuit ensued.
The complaint sets forth the following four counts in support of recovery of the Lotto prize winnings despite the absence of the winning ticket: (1) declaratory judgment; (2) breach of contract; (3) specific performance; and (4) reestablishment of lost document. The Lottery moved to dismiss the complaint for failure to state a cause of action. The lower court granted the motion on the basis that Miller failed to allege possession of, or attach, the winning Lotto ticket as required by the Lottery’s rules and regulations.
We reiterate up front, as we announced in Haynes v. Department of Lottery, 630 So.2d 1177,1179 (Fla. 1st DCA 1994), that a lottery winner’s entitlement to prize winnings is gov *173 erned by the principles of contract law. At the time Miller purchased the instant ticket, “The Florida Education Lottery Act,” Chapter 24, Florida Statutes (1989), and the 1988 version of the administrative rules promulgated pursuant thereto, were in effect. As a part of playing Lotto, Miller by contract agreed to these announced criteria for determining prize winners.
Reviewing first the pertinent statutory provisions, section 24.105, which details the powers and duties of the Lottery, provides that the Lottery shall:[1]
(10) Adopt rules governing the establishment and operation of the state lottery, including:
(e) The manner of payment of prizes to holders of winning tickets.
Section 24.115, governing payment of prizes, provides:
(1) The department shall promulgate rules to establish a system of verifying the validity of tickets claimed to win prizes and to effect payment of such prizes; however
(c) No prize may be paid arising from claimed tickets that are stolen, counterfeit, altered, fraudulent, unissued, produced or issued in error, unreadable, not received or not recorded by the department by applicable deadlines, ...
•(f) Holders of tickets shall have the right to claim prizes for 180 days after the drawing or the end of the lottery game or play in which the prize was won; ....
[[Image here]]
We turn next to the pertinent rules set forth in Chapter 53ER88 of the Florida Administrative Code. Most telling is Rule 53ER88-37, which sets forth the claim procedure:
(1) To claim a prize, a player must complete all of the information requested on the back of the winning ticket. Payment will be made only to the person whose signature appears on the back of the winning ticket.
(2) The on-line retailer shall validate a winning ticket by producing a claim validation ticket....
[[Image here]]
Rule 53ER88-38, which details the procedure for awarding on-line prizes, provides:
(1) Upon presentation of a validation ticket for collection, the on-line retailer shall verify it to be a winning ticket and examine it for any alterations....
(5) Holders of winning on-line tickets shall have the right to claim prizes for 180 days after the drawing....
[[Image here]]
Rule 55ER88-40, which covers Lotto prize payments, provides:.
(7) Payment will be made only to the person whose signature appears on the back of the winning ticket.
[[Image here]]
Finally, Rule 54ER88-44, entitled “Lotto Rules and Prohibitions” provides:
(1) When purchasing a Lotto ticket to play a Lottery on-line game, the player agrees to comply with and abide by all rules and regulations of the Florida Department of the Lottery.
(2) The play slip is not a valid receipt.
[[Image here]]
As we previously discerned in Haynes, the foregoing provisions evince a clear intent on the part of the Florida Legislature to restrict the payment of prize monies to “holders” of winning tickets. Although the term “holder” is not defined either in the statute or the rules, we have gleaned a legislative intent to employ the normal and common usage of the term, to wit, one in physical possession thereof. Black’s Law Dictionary 731 (6th Ed. 1991). In so concluding, we find ourselves in accord with the rationale espoused in several courts of foreign jurisdiction construing similar rules and regulations. See Fowles v. State, 254 Kan. 557, 867 P.2d 357 (1994) (to be a “holder” of a winning ticket and therefore entitled to the prize, plaintiff was required to have possession of a winning ticket); Karafa v. New Jersey State Lottery *174 Commission, 129 N.J.Super. 499, 324 A.2d 97 (1974) (by restricting payment of prizes to “holders of winning tickets,” legislature intended to exclude one who was a holder of a winning ticket or one who is entitled to be but is not presently a holder of a winning ticket); Ramirez v. Bureau of State Lottery, 186 Mich.App. 275, 463 N.W.2d 245 (1990), appeal denied, 439 Mich. 861, 475 N.W.2d 819 (1991) (a holder is one in possession of a winning ticket).
Read together, the aforementioned statutory sections and rules establish a procedure which expressly mandates that the winning ticket must be presented before any obligation on the part of the Lottery to pay out prize winnings will arise. It is clearly the physical possession and presentation of the winning ticket, and not simply the purchase thereof, which triggers performance on the part of the Lottery. Herein, Miller does not have possession of the winning ticket nor is there any indication she ever signed the winning ticket. She plainly failed to meet the requirements for claiming the prize sought. Absent an allegation of actual physical possession of the winning ticket, the second amended complaint fails to set forth a claim upon which relief can be granted under any theory of recovery alleged. The decision of the trial court is hereby AFFIRMED.
MINER and DAVIS, JJ., concur.

. All emphasis is added unless otherwise noted.