BAMBERGER, Appellant,

v.

OHIO STATE LOTTERY COMMISSION, Appellee.

[Cite as *Bamberger v. Ohio State Lottery Comm.* (1996), 115 Ohio App.3d 391.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96API06–720.

Decided Oct. 24, 1996.

---

*Jacobs, Kleinman, Seibel & McNally* and *Mark J. Byrne,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Velda K. Hofacker,* Assistant Attorney General, for appellee.

DESHLER, Judge.

This is an appeal by plaintiff, Donald Bamberger, from a summary judgment granted by the Ohio Court of Claims in favor of defendant, Ohio Lottery Commission.

On March 6, 1995, plaintiff filed a complaint against defendant, alleging that plaintiff had purchased an Ohio Lotto ticket on September 6, 1994, from Bach's Deli, located in Harrison, Ohio. It was alleged that the ticket purchased by plaintiff contained the numbers 9–10–12–25–40–43, and that the ticket numbers represented the winning numbers for the September 7, 1994 lottery drawing. Plaintiff made a claim for the award of the prize, but defendant declined to pay because plaintiff was unable to produce the ticket.

Defendant filed an answer on April 5, 1995. On March 29, 1996, defendant filed a motion for summary judgment, asserting that plaintiff was not entitled to payment of the lottery prize because he never produced a winning lottery ticket for the September 7, 1994 Super Lotto drawing and, alternatively, because plaintiff did not claim the winning Super Lotto prize within one hundred eighty days from the date on which the prize was announced. Attached to defendant's motion for summary judgment was the affidavit of William G. Howell, the executive director of the Ohio Lottery Commission.

Plaintiff filed a memorandum in opposition to defendant's motion for summary judgment on April 30, 1996. Plaintiff submitted his own affidavit in support of the memorandum.

By entry filed May 7, 1996, the Court of Claims granted defendant's motion for summary judgment. On appeal, plaintiff sets forth the following assignment of error for review:

"The trial court erred to the prejudice of Appellant when it held as a matter of law that the winning ticket is required to claim the Ohio Super Lotto prize."

The sole issue before this court is whether the Court of Claims erred in granting summary judgment in favor of defendant based upon the court's determination that possession of the winning ticket is required in order to claim a lottery prize. It is undisputed that plaintiff did not present the winning ticket to lottery officials. Plaintiff contends, however, that he was at one time in possession of the winning ticket before it was inadvertently lost. Plaintiff asserts that Ohio law does not specify that he must be in possession of the ticket at the time he attempts to claim his prize in order to be a holder of a winning ticket.

We begin with a review of the pertinent statutes and rules governing the award of lottery prizes. R.C. 3770.03 provides:

"The state lottery commission shall promulgate rules under which a statewide lottery may be conducted pursuant to Chapter 119. of the Revised Code. Subjects covered in such rules shall include but need not be limited to:

" * * *

"(C) The * * * manner in which prizes shall be awarded to holders of winning tickets[.]"

Pursuant to R.C. 3770.07, "[l]ottery prize awards shall be claimed by the holder of the winning lottery ticket * * * in a manner to be determined by the state lottery commission, within one hundred eighty days after the date on which such prize award was announced * * *."

Ohio Adm.Code 3770:1–8–02(A) provides: "To receive a prize award, the person holding a winning ticket must claim the prize in accordance with these rules and with procedures to be adopted by the director." Ohio Adm.Code 3770:1–8–01(B)(1) states that "[a] lottery prize award shall be claimed by the holder of a winning ticket * * *." Ohio Adm.Code 3770:1–8–01(A) sets forth the following provisions regarding "valid tickets":

"Every ticket which is duly sold or is deemed to be duly sold in accordance with these rules and regulations will be valid unless otherwise made void in accordance with the rules. Tickets are bearer instruments and only the holder of a valid winning ticket will be entitled to the prize award."

While the term "holder" is not defined under R.C. Chapter 3770 or in the rules promulgated by the state lottery commission, the term is defined elsewhere under Ohio law. R.C. 1301.01(T)(1) provides that " '[h]older' with respect to a negotiable instrument means * * *: (a) If the instrument is payable to bearer, a person who is in possession of the instrument." R.C. 1315.01 defines a "holder" as "a person, other than a purchaser, who is either in possession of an Ohio instrument and is the named payee on that instrument or in possession of an Ohio instrument issued or endorsed to him or bearer or in blank." The term "bearer" is defined under R.C. 1301.01 as "the person in possession of an instrument, document of title, or certificated security payable to bearer or endorsed in blank."

A review of other jurisdictions which have construed similar statutes and rules indicates that courts have consistently held that to be holder of a winning lottery ticket a plaintiff is required to have physical possession of the winning ticket. In *Fowles v. State* (1994), 254 Kan. 557, 867 P.2d 357, the plaintiff alleged that he purchased the winning lottery ticket at a convenience store and that the ticket was then inadvertently lost. The only ticket matching the winning combination of numbers for that particular drawing was determined to have been sold at the convenience store where plaintiff alleged he made his purchase. Plaintiff brought suit after the State Lottery Commission notified him that it would refuse

payment unless plaintiff presented the winning ticket within the applicable time period. The trial court granted summary judgment in favor of the lottery commission.

On appeal, the Kansas Supreme Court affirmed. Under the applicable rules and regulations, prizes were to be awarded to the "holder of the ticket or share upon the validation of a claim." *Id.* at 560, 867 P.2d at 360. Further, tickets were designated as "bearer instruments." In determining the issue of who is a holder of a winning ticket, the court held:

"It is clear that plaintiff did not comply with the lottery rules and regulations for presenting his winning ticket to the Lottery. He neither presented it in person to a regional or state lottery office, nor did he present it to a retailer for processing. * * *

"The term 'holder' is not defined in either the Kansas Lottery Act or the temporary rules and regulations enacted by the Lottery Commission. Generally, however, '[t]he holder of a bill of exchange, promissory note, check, or other commercial paper, is the person who has legally acquired possession of the same, by indorsement or delivery, and who is entitled to receive payment of the instrument.' Black's Law Dictionary 731 (6th ed. 1990). Each lottery ticket clearly states that it is a 'bearer instrument.' 'Bearer' means '[t]he person in possession of an instrument.' Black's Law Dictionary 154 (6th ed. 1990.) * * *

"Plaintiff admits that he does not have possession of his ticket, nor did he sign his ticket. He is, therefore, not a ticket bearer or a holder. Plaintiff is not entitled to payment of the lottery prize he seeks." *Id.* at 563, 867 P.2d at 361.

Similarly, in *Miller v. State Dept. of Lottery* (Fla. 1994), 638 So.2d 172, 173, the court noted that the pertinent lottery statutes and rules indicated a clear intent by the legislature to restrict the payment of prize monies to "holders" of winning tickets, and that such intent required application of "the normal and common usage of the term, to wit, one in physical possession thereof." The court thus held that the statutes and rules mandated that the winning ticket be presented before any obligation arose on the part of the lottery to award payment. The court in *Miller* noted that "[i]t is clearly the physical possession and presentation of the winning ticket, and not simply the purchase thereof, which triggers performance on the part of the Lottery." *Id.* at 174.

In *Karafa v. New Jersey State Lottery Comm.* (1974), 129 N.J.Super. 499, 324 A.2d 97, 100, the court noted that the phrase "holders of winning tickets" was carefully used in the regulations and evidenced an intent to restrict the payment of prizes to "physical holders" of winning tickets. The court held:

"There is no reason to ascribe to the phrase used a broad or liberal interpretation so as to include (a) one who *was* a holder of a winning ticket or (b) one who *is*

*entitled to be* but is not presently a holder of a winning ticket. * * * By restricting payment of prize money to 'holders of winning tickets' the clear legislative purpose was to keep the administrative machinery geared for the payment of winnings as simple and as efficient as possible. That machinery was not to become bogged down in the resolution of claims, conflicting or otherwise, in the event of misplaced, lost or destroyed tickets. The procedure simply calls for the production of the winning ticket. Unless that is done, payment cannot be made. Responsibility for nonproduction of tickets is not assumed by the State but left to remain with those whose fault, neglect, carelessness or other inadvertence caused the loss." *Id.* at 504, 324 A.2d at 100.

The court in *Karafa* also rejected the plaintiff's claim that he should be declared a holder under equitable principles recognized in instances where a written instrument is lost or stolen. Specifically, the court held:

"Unfortunately, a lost lottery ticket may not be established by judicial declaration. Unlike a contract, bond, note or other instrument which merely serves as evidence of an underlying obligation which does not change or become impaired upon loss or destruction of the written evidence, a winning lottery ticket by virtue of legislative fiat limiting payment to holders is itself the obligation and debt. Without its surrender the debt or obligation remains until extinguished by the expiration of the time period within which to make claim." *Id.* at 505, 324 A.2d at 101.

Similar to the statutes and rules at issue in the above cases, the pertinent Ohio provisions indicate an intent to restrict the payment of prizes to the "holder of a winning ticket." A holder is generally defined as one in possession, and plaintiff has cited no precedent in support of his contention that, under the uncontested facts, he was the holder of a winning ticket. Upon consideration of the pertinent Ohio statutes and regulations, and finding persuasive the reasoning of other jurisdictions which have consistently held that, to be a holder of a winning ticket, one must be in possession of a winning ticket, we find that the Court of Claims did not err in granting summary judgment in favor of defendant.

Based upon the foregoing, plaintiff's single assignment of error is overruled and the judgment of the Court of Claims is hereby affirmed.

*Judgment affirmed.*

BOWMAN and CLOSE, JJ., concur.